## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RAYMOND D. HARRIS, B42440,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-61-DWD** |
| | ) | |
| **MS. CUNNINGHAM,** | ) | |
| **JANE DOES 1-3,** | ) | |
| **C. LUKING,** | ) | |
| **BIG JEUSE,** | ) | |
| **D. CACHO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Raymond Harris, an individual who is detained Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center.  (Doc. 1).  Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for severe hand pain.  The Court found Plaintiff's initial complaint insufficient to state a claim, and he has now filed a timely amended complaint (Doc. 13).  The Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.

28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009)*.

### The Amended Complaint

In the initial complaint, Plaintiff alleged that he began to experience severe pain in his right hand and wrist in May of 2025.  (Doc. 1 at 6).  In the amended complaint he does not give a time frame for his injury but again complains of care he has sought for his right wrist and thumb.  He alleges that he cannot bend his thumb, and the pain is now spreading to his index finger. (Doc. 13 at 6-8).  Plaintiff reports that after submitting many sick call slips, he was seen by Defendant "med tech Big Jeuse" who asked about his pain level.  (Doc. 13 at 6).  He reports that Jeuse promised to place a referral for further care. With persistent pain, Plaintiff also sought attention at least two times from Defendant Cacho and was again told he would be referred to a doctor.  (*Id.*).

Eventually, Plaintiff was seen by Jane Doe 1, a doctor.  Among several things, he informed Jane Doe 1 that his right hand and thumb were painful, sometimes locked up, and prevented him from engaging in daily activities.  (*Id.* at 6-7).  He alleges nothing was done, so he began to sign up for sick call again and also wrote letters to the Governor's office.  After his letters and sick call slips, Plaintiff was seen by Defendant Luking, a nurse practitioner.  He alleges that Luking provided medication and promised another referral. Plaintiff was eventually seen by Jane Doe 2, a doctor.  He told Jane Doe 2 that his pain was increasing, his wrist was swelling, and he had a burning sensation.  (*Id.* at 7).  He alleges nothing was done.  However, he also indicates that Jane Doe 3, another doctor,

was summoned. (*Id.*). Plaintiff repeated his concerns to Jane Doe 3, but she merely told him that was not the reason for his visit and was offered no further care. (*Id.* at 7-8).

Plaintiff alleges that in addition to sick call slips and appointments with medical staff, he also wrote Defendant Cunningham, the prison's healthcare administrator. (*Id.* at 8). He alleges he told Cunningham about his medical issue, the lack of care, and the lack of assistance from the medical personnel he saw. (*Id.*). Plaintiff alleges that his pleas for care continue to fall on deaf ears and that he is still in severe pain. Plaintiff complains that the defendants are all well aware of his problem but have not offered assistance. (*Id.* at 8-9). Plaintiff seeks medical care and monetary compensation. (*Id.* at 10).

Based on the allegations in the Amended Complaint, the Court will designate the following claims:

> **Claim 1:** **Eighth Amendment deliberate indifference claim against Defendants Nurses Big Jeuse, D Cacho, and Luking for failing to offer care for Plaintiff's thumb;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Jane Does 1-3 (doctors) for failing to treat Plaintiff's right hand issues;**
>
> **Claim 3:** **Eighth Amendment deliberate indifference claim against Defendant Cunningham for failing to investigate Plaintiff's lack of care.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See* <u>*Bell Atl. Corp. v. Twombly*, 550 U.S.</u>

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Plaintiff faults Defendants Big Jeuse and D Cacho, nurses, for failing to treat his right thumb and wrist issues at sick call, though he admits they referred him to be seen further and also indicates he was seen on subsequent occasions by doctors. Given that Plaintiff alleges he saw each nurse on just a single occasion, and that they referred him for further care which he did eventually receive, the Court finds that his allegations against these two nurses are not sufficient to plausibly suggest deliberate indifference. Likewise, Plaintiff faults Defendant Luking for the care she rendered, but he admits she provided pain medication and referred him for further assessment. There is no indication

that he ever saw Luking again, or that Luking knew the pain medication proved to be ineffective. As such, there is no valid claim for deliberate indifference against Luking.

By contrast, Plaintiff alleges that Jane Does 1-3 were all doctors who observed the limited mobility in his right wrist, heard his complaints, and refused any sort of care. The Court will assume in Plaintiff's favor at this early juncture of the case that the injury to his thumb and wrist constitutes a serious medical condition. Plaintiff's assertion that three doctors observed and heard about his injury, but provided no care, is sufficient to proceed under the Eighth Amendment.

Finally, Plaintiff alleges he wrote Defendant Cunningham and he faults her for turning a blind eye to his plight. As the Court explained in the previous order of initial review, there is caselaw that can support a claim against a prison administrator for turning a blind eye. However, to sustain such a claim, an inmate must allege that he submitted highly detailed correspondence to the administrator that alerted them to a serious risk of harm, and upon which they did not act. Plaintiff's allegations about his correspondence to Cunningham are still threadbare. He does not indicate what he told her about his pain or mobility limitations, nor does he say when he wrote her, how often he wrote her, or if he ever had any personal interactions with her. At this early juncture, his allegations are inadequate to proceed against Cunningham.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 2** survives against Defendants Jane Does 1-3. By contrast, **Claims 1 and 3** are inadequate to proceed as pled, and the Clerk of Court

shall **TERMINATE** Defendants Big Jeuse, D Cacho, Luking, and Cunningham because Plaintiff has failed to state a claim against them.

The Clerk of Court shall **ADD** the Warden of Lawrence in official capacity only to assist with Jane Doe identification.  **Plaintiff shall file a notice within 21 days** providing as much information he has about Jane Does 1-3 including height, hair color, physical description, and dates or times when he may have interacted with these individuals.  If Plaintiff fails to file a notice, this entire case may be dismissed for failure to prosecute.

Plaintiff's Motions for Status (Docs. 12, 14) are **GRANTED** by the issuance of this Order.

The Clerk of Court is **DIRECTED** to prepare for the Warden of Lawrence (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: August 4, 2026

DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.